UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:08-CV-18-F

| | | |
|---|---|---|
| A. MILES CARTRETTE, | ) | |
| JENNIFER J. CARTRETTE | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| H. LEE FARTHING | ) | |
| Defendant. | ) | |

This matter is before the court upon the Motion for Default Judgment [DE-19] by Plaintiffs A. Miles Cartrette and Jennifer J. Cartrette against Defendant H. Lee Farthing.

## I. PROCEDURAL HISTORY

Plaintiffs initiated this action against Defendant on January 30, 2008, alleging a breach of contract for failure to pay the balance of a promissory note as well as unfair and deceptive trade practices under North Carolina law. *See* Compl. [DE-1]. The record shows that Defendant was served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure by certified mail with return receipt delivery of a copy of the Summons and Complaint on February 8, 2008. *See* Affidavit of Service [DE-6]. The Affidavit of Service was filed with this court on February 11, 2008. *See id.* Defendant did not file a responsive pleading to the Complaint, and the Clerk of Court for the Eastern District of North Carolina filed a Notice directing Plaintiff to proceed after Defendant failed to answer in accordance with Rule 55 of the Federal Rules of Civil Procedure [DE-7].

On April 1, 2008, Defendant filed a Motion to File in Hard Copy [DE-8] his Motion to Dismiss and Memorandum in Support thereof. Defendant's Motion [DE-8] was allowed by the Clerk of Court on April 3, 2008 [DE-9]. On April 11, 2008, Plaintiffs filed their Response [DE-11], and on April 16, 2008, their Supplemental Response [DE-12]. On August 5, 2008, Defendant's counsel moved to withdraw as attorney [DE-13], a motion allowed by U.S. Magistrate Judge James E. Gates on August 6, 2008 [DE-14]. On October 1, 2008, the undersigned entered an Order [DE-16] denying Defendant's Motion to Dismiss and ordering him to file his answer to Plaintiffs' Complaint. Defendant has failed to file an answer to the Complaint in this case, and on December 5, 2008, Plaintiffs moved for an entry of default [DE-18], subsequently entered by the Deputy Clerk of Court on December 8, 2008 [DE-20]. Accordingly, Plaintiffs seek a Default Judgment in this case [DE-19]. Defendant Farthing has not filed a response to Plaintiffs' Motion for Entry of Default Judgment [DE-18] nor to their Motion for Default Judgment [DE-19].

## II. DISCUSSION

Plaintiffs' Motion for Default Judgment raises three issues for this court: First, is entry of default judgment appropriate under Rule 55? Second, have Plaintiffs adequately stated their claims such that the court may enter default judgment thereon? Third, to what relief is Plaintiff entitled?

### A. Propriety of Default Judgment

This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a). Service on Defendant was obtained in accordance with Rule 4 of the Federal Rules of Civil Procedure, as described above, and as explained in this court's October 1, 2008 Order [DE-

16], this court may exercise personal jurisdiction over Defendant. Venue is proper under 28 U.S.C. § 1391(a). The Clerk of Court having filed entry of default on December 8, 2008, the court concludes that the procedural requirements for entry of default judgment have been met.

### B. Causes of Action

Although Plaintiffs meet the technical requirements for entry of default judgment, the inquiry does not stop there. It is well settled that upon default, the facts alleged in the Complaint are deemed admitted. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The court, however, determines whether the facts, as alleged, support a claim and the relief sought. *Id.* In the Motion for Default Judgment, Plaintiffs indicate that they seek relief in the form of the unpaid balance on a promissory note executed between Plaintiffs and Defendant in Plaintiffs favor.[1]

Specifically, Plaintiffs allege that they loaned Defendant $300,000, in exchange for a deed to a plot of land located in South Carolina. Compl. ¶ 6 [DE-1], Promissory Note, Ex. A; Aff. Myles Cartrette ¶ 4. Although one-half of the balance of the Promissory Note has been paid, Plaintiffs allege that one-half, $150,000, remains outstanding. In their Complaint, Plaintiffs allege that the balance was due on July 8, 2007, and that in spite of demands, Defendant has failed to pay the remaining balance or any part thereof. Compl. ¶¶ 6-8 [DE-1], Promissory Note, Ex. A.

---

[1] In their Complaint, Plaintiffs also alleged a cause of action for Unfair and Deceptive Trade Practices arising out of Defendant's alleged breach of contract. In their Motion for Default Judgment, however, Plaintiffs do not seek relief under North Carolina General Statutes Chapter 75, and therefore, the court need not consider that claim herein.

Also, pursuant to the terms of the Promissory Note, Plaintiffs make a claim for attorneys fees in the amount of $22,500, or 15% of the outstanding balance owed. [DE-1] Ex. A. According to the Complaint, and pursuant to North Carolina General Statute, Sec. 6-21.2, Plaintiffs mailed to Defendant a notice of the enforcement of attorneys fees provisions of the Promissory Note, giving Defendant the opportunity to pay the balance of the note without the additional 15% of attorneys' fees of the Plaintiffs. Defendant did not make such payment and Plaintiffs accordingly moved for a default judgment as to the balance owed and attorneys fees of 15% or $22,500. Section 6-21.2 of the North Carolina General Statutes authorizes the award of attorneys' fees in cases of breach of contract where there is "evidence of indebtedness,"[2] and presumes 15% of the outstanding balance as the reasonable fee. *See* N.C. Gen. Stat. § 6-21.2 (2005).

By virtue of his default, Defendant Farthing has admitted the alleged breach of Promissory Note, and Plaintiff is entitled to judgment as to their claims for recovery of the unpaid balance owed on the Promissory Note, as well as attorneys fees therefore as explained above.

## C. Relief

Plaintiff seeks the outstanding balance owed on the Promissory Note, $150,000 plus interest at the legal rate, as well as attorneys fees of 15% of that outstanding balance at $22,500.

---

"Evidence of indebtedness signifies a written agreement or acknowledgment of debt, such as a *promissory note* or conditional sales contract, which is executed and signed by the party obligated under the terms of the instrument." Supply, Inc. v. Allen, 30 N.C. App. 272, 277, 227 S.E.2d 120, 124 (1976) (emphasis added).

In support of its claim for attorneys' fees, Plaintiffs attached to their Complaint the Promissory Note providing for the attorneys fees to be paid in the event of a breach. Section 6-21.2 of the North Carolina General Statutes provides that obligations to pay attorney's fees are collectible as part of a debt. Under the statute, 15% is the amount to be assumed if not specified by the instrument. Here, the Promissory Note specified the amount of attorneys fees as 15% of the outstanding balance owed. The "outstanding balance" is defined as "the principal and interest owing at the time the suit is instituted to enforce any security agreement securing payment of the debt and/or to collect said debt." N.C. Gen. Stat. § 6-21.2(3). In the Complaint and in Plaintiffs' counsel's affidavit, the outstanding balance is alleged as $150,000, or one-half of the original amount of the loan. [DE-1] ¶ 9; [DE-18] Ex 1, ¶ 3. Fifteen percent of the outstanding balance is $22,500, and Plaintiffs are therefore entitled to that amount in attorney's fees under Section 6-21.2.

## IV. CONCLUSION

It is hereby ORDERED, ADJUDGED AND DECREED that:

1. Plaintiffs have and recover of Defendant F. Lee Farthing, the amount of $150,000.00, plus interest at the legal rate per annum from the date of entry of this judgment until paid;

2. Plaintiff have and recover of Defendant F. Lee Farthing the amount of $22,500.00 in attorneys' fees and costs as 15% of the outstanding balance; and

Plaintiffs' Motion for Default Judgment [DE-19] hereby is ALLOWED as to Plaintiffs' claims against Defendant Farthing for breach of the Promissory Note and attorneys fees, and all of Plaintiffs' remaining claims against Defendant Farthing are DISMISSED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 12 day of December, 2008.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge